UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES LENORDA POWELL,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

Case No. C22-424-TSZ-SKV

REPORT AND RECOMMENDATION

Petitioner James Powell is currently confined at the King County Regional Justice Center where he is apparently awaiting trial on criminal charges pending against him in King County Superior Court. *See* Dkt. 8 at 1, 13. On April 2, 2022, Petitioner submitted to this Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking to challenge a judgment and sentence entered in Skagit County Superior Court on or about March 6, 2020. *See* Dkt. 1-1. Petitioner indicated in his petition that he had been convicted on charges of retail theft and possession of a controlled substance for which he received a sentence of thirty days confinement. Dkt. 8 at 1. The claims asserted in the petition all appear to challenge the legal financial obligations imposed in relation to those convictions. *See id*. at 5, 7, 8, 10.

REPORT AND RECOMMENDATION
PAGE - 1

1    On May 24, 2022, this Court issued an Order directing Petitioner to show cause why this
2    action should not be dismissed for lack of jurisdiction or, in the alternative, for failure to assert a
3    cognizable claim for relief. Dkt. 9. The Court explained therein that a writ of habeas corpus
4    may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or
5    laws or treaties of the United States." *Id*. at 1-2 (citing 28 U.S.C. § 2241(c)(3); 28 U.S.C.
6    § 2254(a)). The Court further explained that the United States Supreme Court has interpreted
7    this statutory language as requiring that a federal habeas petitioner be "in custody" under the
8    conviction or sentence under attack at the time the petition is filed. *Id*. at 2 (citing *Maleng v.*
9    *Cook*, 490 U.S. 488, 490-491 (1989)).

10   The Court advised Petitioner that because he did not appear to be in custody pursuant to
11   the challenged Skagit County Superior Court judgment, this Court likely lacked jurisdiction to
12   consider his claims. *Id*. at 2. The Court noted that the legal financial obligations Petitioner
13   sought to challenge by way of his petition appeared to be all that remained of his Skagit County
14   case, and the Court explained that obligations to pay fines or restitution generally do not
15   constitute a sufficient restraint on an individual's liberty to satisfy the "in custody" requirement.
16   *Id*. (citing *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998)).

17   The Court also advised Petitioner in its Order to Show Cause that, even assuming he
18   could show he is currently in custody for purposes of challenging his Skagit County judgment,
19   he had not identified any cognizable claim for relief in his petition because the claims asserted
20   appeared to concern only matters of state law. *Id*. (citing *Lewis v. Jeffers*, 497 U.S. 764 (1990)).

21   On June 18, 2022, Petitioner filed what he identifies as an "amended complaint," but
22   which appears to constitute his response to the Order to Show Cause. Dkt. 10. Petitioner argues
23   therein that this Court has jurisdiction to consider his claims challenging his outstanding legal

REPORT AND RECOMMENDATION
PAGE - 2

financial obligations because those obligations "put a restraint on my life and livelihood and makes (sic) it impossible to live." *Id*. at 2. Petitioner asserts that his legal financial obligations render him unable to qualify for credit cards or loans, or to obtain approval for housing. *Id*. He also notes that he has been diagnosed with severe mental illnesses and is homeless. *Id*.

Petitioner fails to demonstrate that the legal financial obligations imposed in relation to his Skagit County convictions constitute a sufficient restraint on his liberty to render him "in custody" for purposes of federal habeas review. As the Ninth Circuit has explained, cases that have found a restraint on liberty "rely heavily on the notion of a physical sense of liberty." *Williamson*, 151 F.3d at 1183. Accepting Petitioner's representation that the legal financial obligations imposed by the Skagit County Superior Court have interfered with his ability to obtain credit and housing, they nonetheless do not constitute the type of restraint on his *physical* liberty necessary to satisfy the "in custody" requirement of § 2254. Accordingly, this Court recommends that Petitioner's federal habeas petition, and this action, be dismissed with prejudice for lack of jurisdiction.[1]

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

---

[1] Given that Petitioner has not shown he is "in custody" for purposes of federal habeas review, the Court need not further address the cognizability of his asserted claims for relief.

REPORT AND RECOMMENDATION
PAGE - 3

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 5, 2022**.

DATED this 13th day of July, 2022.

                                                 *[signature]*

                                                 S. KATE VAUGHAN
                                                 United States Magistrate Judge